# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

JOSHUA HACKMAN,                    )
                                   )
            Plaintiff,             )
                                   )
      v.                           )          No. 4:14CV2124   DDN
                                   )
TOWN AND COUNTRY POLICE            )
DEPARTMENT, et al.,                )
                                   )
            Defendants.            )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the motion of Joshua Hackman (registration no. 1191153) for leave to commence this action without payment of the required filing fee [Doc. #2]. Because plaintiff states that he is unable to obtain an inmate account statement due to the fact that he has not been incarcerated for six months, the Court will grant the motion and will not assess an initial partial filing fee. In addition, the Court will dismiss this case pursuant to 28 U.S.C. § 1915.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who

is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## The Complaint

Plaintiff, an inmate at the Eastern Reception and Diagnostic Correctional Center, seeks monetary relief in this 42 U.S.C. § 1983 action against the Town and Country Police Department and Unknown Messler (Police Officer). Plaintiff alleges that Officer Messler violated his Eighth Amendment rights on January 31, 2012. Plaintiff states that he was in a car accident, and rather than take him to the hospital for treatment of his serious physical injuries, defendant Messler arrested plaintiff and took him to the Town and Country Jail. Plaintiff states that after

being released on bond, he went to Missouri Baptist Hospital, where he was treated for a concussion and contusions to his shoulder.

## Discussion

Plaintiff brings this action against defendant Unknown Messler in his official capacity. *See Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995) (where a complaint is silent about defendant's capacity, Court must interpret the complaint as including official-capacity claims); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, a plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint is legally frivolous and fails to state a claim upon which relief can be granted as to defendant Unknown Messler.

The complaint is also legally frivolous as to the Town and Country Police Department, because police departments are not suable entities under § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992); *see also De La Garza v. Kandiyohi County Jail*, 2001 WL 987542, at *1 (8th Cir. 2001) (sheriff's departments and police departments are not usually considered legal entities subject to suit under § 1983; local governments can be liable under § 1983 only if injury stems from official policy or custom).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue in this case, because the complaint is legally frivolous and fails to state a claim upon which relief can be granted.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 13th day of March, 2015

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE